IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DOUGLAS JOHN HOWELL, #242767, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 2:18-CV-100-WHA |
| KAY IVEY, et al., | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This 42 U.S.C. § 1983 action is pending before the court on an amended complaint filed by Douglas John Howell, a state inmate currently incarcerated at the Staton Correctional Facility. In this civil action, Howell alleges that members of the Alabama Board of Pardons and Paroles recently barred him from further consideration for parole in violation of the Ex Post Facto Clause, due process and equal protection based on a law passed after his 2005 conviction for first degree rape. Specifically, Howell alleges Governor Kay Ivey "signed this Bill into effect noting that from that time forward these cases would be sentenced accordingly. Commissioner Jeff Dunn and Lynn Head at the Alabama Department of Pardons and Proles began applying this same status of barring any party under this classification from parole regardless of the sentencing date of their crime." Doc. 5 at 5.

On April 27, 2018, defendant Dunn filed a motion to dismiss (Doc. 19) and a brief in support of this motion (Doc. 20). Counsel for Dunn, in pertinent part, argues that:

> In his role as the Commissioner of the Alabama Department of Corrections (hereinafter "ADOC"), Jefferson Dunn has no authority to

> permit or deny parole for *any* offender – including the Plaintiff. That power rests with [the] Alabama Board of Pardons and Paroles (hereinafter "the Board"). *See* Ala. Code § 15-22-24(a) ("The Board of Pardons and Paroles . . . shall be charged with the duty of determining, through use of a validated risk and needs assessment as defined in Section 12-25-32, what prisoners serving sentences in the jails and prisons of the State of Alabama may be released on parole and when and under what conditions.") Although ADOC is charged with housing the inmates sentenced to its custody, an inmate's parole status is solely within the province of the Board. Ala. Code § 15-22-24(a); *see also Pinkerton v. State*, 198 So. 157, 159 (Ala. Ct. App. 1940) (holding "the Board of Pardons and Paroles has like and complete jurisdiction and authority over all parolees . . ."). Accordingly, [. . .] Commissioner Dunn [cannot, as a matter of law, prevent[] the Plaintiff from receiving parole consideration]. [Parole consideration and any decision on parole is] entirely subject to the orders and actions of the Board. *See Turner v. Dillard*, 2017 WL 253977, at *5 n.4 (M.D. Ala. 2017) ("Alabama law vests complete discretion in the Alabama Board of Pardons and Paroles 'of determining what prisoners may be released on parole and when and under what conditions' parole will be granted."); *Carey v. Danford*, 2013 WL 3450919, at *14 (M.D. 2013) (noting that Alabama law gives the Board "broad discretion to determine whether an inmate should be granted parole . . ."). Citing Alabama Code § 15-22-26 this Court previously held that Alabama law "gives the parole board ***total discretion*** in determining whether an inmate should be granted parole." *Turner*, 2017 WL 253977 at *5 n.4 (emphasis added).
>
> The Plaintiff has also alleged that the Board is refusing to consider him for parole. (Doc 5 at p. 5.) Because Alabama law gives the Board the discretionary authority to determine whether an inmate is eligible for parole, if the Board decides (or is ordered by this Court) to consider the Plaintiff for parole, he will be considered regardless of any policy put in place by ADOC or Commissioner Dunn. Ala. Code § 15-22-24(a); *Pinkerton*, 198 So. at 159. For the same reasons, if the Board (or this Court) orders the Plaintiff to be released on parole, he will be released regardless of any policy put in place by ADOC or Commissioner Dunn. *Id.*; *see also Turner*, 2017 WL 253977 at *5 n.4; *Carey*, 2013 WL 3450919 at *14.

Doc. 20 at 2-4.

Based on the arguments set forth by defendant Dunn, the court entered an order directing that on or before May 15, 2018, Howell "show cause why the defendant's motion

to dismiss should not be GRANTED." Doc. 21. Howell has failed to file a response to this order within the time allowed by the court.

For the reasons set forth by defendant Dunn in his motion to dismiss, the court finds that this motion should be granted. Accordingly, it is the Recommendation of the Magistrate Judge that:

1. The motion to dismiss filed by Jefferson Dunn be GRANTED.

2. The claims against Jefferson Dunn be DISMISSED with prejudice.

3. Jefferson Dunn be DISMISSED as a party to this cause of action.

4. The claims for relief presented against defendants Ivey and Head be referred back to the undersigned for additional proceedings.

On or before **June 5, 2018**, the plaintiff may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which he objects. Frivolous, conclusive or general objections will not be considered by the District Court. The plaintiff is advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 22nd day of May, 2018.


                /s/   Wallace Capel, Jr.
                CHIEF UNITED STATES MAGISTRATE JUDGE