IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DOUGLAS JOHN HOWELL, #242767, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:18-CV-100-WHA |
| ) | |
| KAY IVEY, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This 42 U.S.C. § 1983 action is pending before the court on an amended complaint filed by Douglas John Howell, a state inmate currently incarcerated at the Staton Correctional Facility. In this civil action, Howell alleges that members of the Alabama Board of Pardons and Paroles recently barred him from further consideration for parole in violation of the Ex Post Facto Clause, due process and equal protection based on a law passed after his 2005 conviction for first degree rape. Specifically, Howell alleges Governor Kay Ivey "signed this Bill into effect noting that from that time forward these cases would be sentenced accordingly [with the qualifying sex offenders deemed ineligible for parole]. Commissioner Jeff Dunn and Lynn Head at the Alabama [Board] of Pardons and Paroles began applying this same status of barring any party under this classification from parole regardless of the sentencing date of their crime." Doc. 5 at 5. Howell requests that the court order he "be reinstated for parole [consideration]" and "given equal consideration" for release on parole. Doc. 5 at 4.

On June 20, 2018, defendant Ivey filed a motion to dismiss (Doc. 35) in which she argues as follows:

> As a matter of Alabama state law, Governor Ivey lacks authority to grant any kind of relief involving parole. . . . [Under well settled law, the Alabama Board of Pardons and Paroles] possesses "full and complete authority" with respect to the parole process. *State ex rel. Bridges v. Waters*, 108 So.2d 146, 147 (Ala. 1959). Nowhere does current Alabama law give the Governor a formal role to play in that process.
>
> This Court recently recognized that a state official's lack of authority over parole matters justifies dismissal of that official from this very lawsuit. . . . The same analysis equally requires Rule 12(b)(6) dismissal of Governor Ivey; in short, Howell has not pleaded "factual content that allows the court to draw the reasonable inference that . . . [Governor Ivey] is liable for the misconduct alleged." *Ascroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell v. Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Indeed, a state official's lack of parole authority does not only support Rule 12(b)(6) dismissal, as the Court concluded with respect to Commissioner Dunn. It also supports dismissal of that official on jurisdictional grounds as a matter of Article III standing doctrine. This is because such an official is not causing, and an order against that official would not redress, Howell's asserted injury — i.e., his lack of parole eligibility. *Cf. Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992) (reciting the basic elements of standing). Whether the Court analyzes this motion as a question of the legal sufficiency of Howell's claim against Governor Ivey (under Rule 12(b)(6)) or as a question of its jurisdiction over her (under Rule 12(b)(1)), the end result is the same: Howell should not be allowed to pursue his claims against Governor Ivey.
>
> Governor Ivey is also entitled to dismissal under principles of sovereign and Eleventh Amendment immunity. Under these doctrines, a state official defendant must have "'some connection with the enforcement of the [challenged] act'"; if not, the complaint "'is merely making [the official] a party as a representative of the state, and thereby attempting to make the state a party.'" *Summit Med. Assocs. v. Pryor*, 180 F.3d 1326, 1341 (11th Cir. 1999) (quoting *Ex parte Young*, 209 U.S. 123, 157 (1908)). . . . For the reasons previously given by Commissioner Dunn, accepted by the Court, and discussed above, Governor Ivey lacks the requisite connection to [the parole board's application of] whatever parole statute or policy Howell is challenging. Accordingly, the Court should dismiss Governor Ivey for this additional reason as well. *Cf. Summit Med. Assocs. v. Pryor*, 180 F.3d 1326, 1341–42 (11th Cir. 1999) (dismissal of Alabama Governor for this reason);

> *C.M. ex rel. Marshall v. Bentley*, 13 F.Supp.3d 1188, 1205–06 (M.D. Aa. 2014) (same).
>
> Finally, Governor Ivey cannot be made a defendant merely because she [or a predecessor] allegedly "signed . . . into effect" whatever parole law Howell is challenging. Doc. 5 at 5. "Under the doctrine of absolute legislative immunity, a governor cannot be sued for signing a bill into law." *Women's Emergency Network [v. Bush*, 323 F.3d 937, 950 (11th Cir. 2003)] (citing *Supreme Ct. of Va. v. Consumers Union of United States, Inc.*, 446 U.S. 719 (1980).

Doc. 35 at 1–4 (paragraph numbering omitted).

Based on the arguments set forth by Governor Ivey, the court entered an order directing that on or before July 9, 2018 Howell "show cause why the motion to dismiss filed by defendant Ivey should not be granted." Doc. 36. Howell has failed to file a response to this order within the time allowed by the court.

For the reasons set forth by defendant Ivey in her motion to dismiss, the court finds that this motion should be granted. Accordingly, it is the Recommendation of the Magistrate Judge that:

1. The motion to dismiss filed by Kay Ivey be GRANTED.

2. The claims against Kay Ivey be DISMISSED with prejudice.

3. Kay Ivey be DISMISSED as a party to this cause of action.

4. The claims for relief presented against Lyn Head, the only member of the Alabama Board of Pardons and Paroles named as a defendant and the sole remaining defendant, be referred back to the undersigned for additional proceedings.

On or before **July 31, 2018**, the plaintiff may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which he objects. Frivolous, conclusive or general

objections will not be considered by the District Court. The plaintiff is advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 17th day of July, 2018.

                                 /s/     Wallace Capel, Jr.
                                 CHIEF UNITED STATES MAGISTRATE JUDGE