IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

DOUGLAS JOHN HOWELL, #242767,        )
                                     )
            Plaintiff,               )
                                     )
v.                                   )        CIVIL ACTION NO. 2:18-CV-100-WHA
                                     )                   (WO)
                                     )
LYN HEAD,                            )
                                     )
            Defendant.               )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

### I.  INTRODUCTON

This 42 U.S.C. § 1983 action is pending before the court on an amended complaint filed by Douglas John Howell, an indigent state inmate.  In this case, Howell alleges that members of the Alabama Board of Pardons and Paroles recently barred him from further parole consideration based on a law passed after his 2005 conviction for first degree rape in violation of the Ex Post Facto Clause, due process and equal protection.  Doc. 5 at 5. Howell seeks only his return to parole eligibility.  Doc. 5 at 4.

On August 21, 2018, Howell filed a motion for dismissal of this case in which he states that this case is "now moot . . . [a]s the plaintiff has been granted his requested relief[.]"  Doc. 44 at 1.

### II.  DISCUSSION

Courts do not sit to render advisory opinions.  *North Carolina v. Rice*, 404 U. S.

244, 246 (1971).  An actual controversy must exist at all times during the pendency of a case.  *Steffel v. Thompson*, 415 U. S. 452, 459 n.10 (1974).  In cases where the only relief requested is injunctive in nature, events which occur subsequent to the filing of the complaint can render the matter moot. *National Black Police Assoc. v. District of Columbia,* 108 F.3d 346, 350 (D.C. Cir. 1997) (change in statute); *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991) (transfer of prisoner); *Tawwab v. Metz* 554 F.2d 22, 23 (2nd Cir. 1977) (change in policy).

Article III of the United States Constitution confers jurisdiction on the district courts to hear and determine "cases" or "controversies."  The mootness doctrine derives directly from the case or controversy limitation because "an action that is moot cannot be characterized as an active case or controversy." *Adler v. Duval County Sch. Bd.*, 112 F.3d 1475, 1477 (11th Cir. 1997).  "Put another way, 'a case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief.'" *Florida Ass'n of Rehab. Facilities, Inc. v. Florida Dep't of Health and Rehab. Servs.,* 225 F.3d 1208, 1216-17 (11th Cir. 2000) (quoting *Ethredge v. Hail*, 996 F.2d 1173, 1175 (11th Cir. 1993)); *Flast v. Cohen*, 392 U.S. 83, 95 (1968) ("Where the question sought to be adjudicated has been mooted by developments subsequent to filing of the complaint, no justiciable controversy is presented."); *Saladin v. Milledgeville*, 812 F.2d 687, 693 (11th Cir. 1987) ("A case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome of the litigation, such as where . . . interim relief or events have eradicated the effects of the alleged violation."); *Powell v.*

2

*McCormack*, 395 U.S. 486, 496 (1969) ("[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.").

When actions occur subsequent to the filing of a lawsuit whereby the plaintiff obtains the requested relief, the case is then moot and must be dismissed. *See, e.g., Hall v. Beals*, 396 U.S. 45, 48 (1969) (per curiam).  In such instances, dismissal is required because mootness is jurisdictional.  *See Florida Ass'n of Rehab. Facilities,* 225 F.3d at 1227 n.14 ("The question of mootness is . . . one which a federal court must resolve before it assumes jurisdiction [over the merits of a complaint].").  "Any decision on the merits of a moot case or issue would be an impermissible advisory opinion."  *Id*. at 1217 (citing *Hall*, 396 U.S.at 48, 90 S.Ct. at 201–02).

It is undisputed that Howell has received the relief requested in his complaint as the defendants have determined he is eligible for parole and scheduled his parole consideration for September 25, 2018.  Under the circumstances of this case, the request for injunctive relief, the only relief sought by Howell, is moot.  *County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979); *Murphy v. Hunt*, 455 U.S. 478, 481-82 (1982); *Cotterall v. Paul*, 755 F.2d 777, 780 (11th Cir. 1985) (holding that past exposure to potential illegal conduct does not in and of itself show a pending case or controversy regarding injunctive relief if unaccompanied by any continuing present injury or real and immediate threat of repeated injury).  Thus, Howell's motion to dismiss is due to be granted.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The motion to dismiss filed by the plaintiff on August 21, 2018 (Doc. 44) be GRANTED.

2.  This case be DISMISSED without prejudice as moot.

3.  No costs be taxed.

On or before **September 5, 2018** the parties may file objections to the Recommendation.   A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made. Frivolous, conclusive, or general objections to the Recommendation will not be considered.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 22nd day of August, 2018.


_____/s/_____Wallace Capel, Jr._____
CHIEF UNITED STATES MAGISTRATE JUDGE